IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LENA M. MAGERS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3059 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| GARY OLSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    The above-entitled case is a duplicate in most important respects of Case No. 4:07cv3058, filed by the same plaintiff, Lena M. Magers, a prisoner or pretrial detainee at the Douglas County Correctional Center, against many of the same defendants concerning the same issues and claims asserted in the above-entitled case. Some elements differ, but the claims, facts, applicable law, prospective witnesses, context and other facets of the cases are in most respects the same. Case No. 4:07cv3058 is pending on the docket of Senior District Judge Warren K. Urbom.

    The plaintiff does not require two cases in which to present the same claims against the same defendants, and, in fact,"plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted). Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

    In addition, the plaintiff should not have to spend two filing fees for a total of $ 700, when any extra claims or parties in this case may simply be added by amendment to Case No. 4:07cv3058. Thus, filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma

1

Pauperis, is denied in the above-entitled case, and a Prisoner Payment Order will not be entered in this action. The plaintiff will be liable for the filing fee in Case No. 4:07cv3058.

In summary, because of the overlapping claims, risk of inconsistent judgments and other problems associated with two virtually identical cases, the above-entitled case, i.e., the second case to be filed, will be dismissed without prejudice. The plaintiff may amend the complaint in Case No. 4:07cv3058 (once without leave of court) at any time before a defendant files a responsive pleading.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case is dismissed without prejudice as a duplicate of Case No. 4:07cv3058 in virtually all important respects;

2. That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis in the above-entitled case, is denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

March 26, 2007.                    BY THE COURT:


s/ *Richard G. Kopf*
United States District Judge